### MO. PAC. R'Y CO. v. S. D. PARKHURST.

#### (No. 2301.)

APPEAL from Wood County.    Opinion by WILLSON, J.

WHITTAKER & BONNER, counsel for appellant.

GILES & KUTEMAN, counsel for appellee.

§ **159.** *Overcharge of freight; party injured may maintain suit for penalty for; remedy given by act of April 10, 1883, is cumulative merely; case stated.* Suit by appellee to recover the $500 penalty prescribed by law against railway companies for overcharge upon freight. Appellant answered by general demurrer and general denial. Demurrer overruled, and judgment for appellee for penalty and costs. Appellant assigns as error the overruling of its general demurrer, the ground of said demurrer being that the right sought to be enforced is a statutory one, and there being a statutory remedy, that remedy only can be resorted to. The proposition contended for is, that section 10 of the act of April 10, 1883 [Gen. Laws 18th Leg. Reg. Sess. p. 70], prescribes the remedy, and the only remedy, which can be resorted to in such case, and that the party aggrieved cannot maintain a suit for such penalty. It is argued that the only instance in which the party injured may sue for such penalty is when there has been no *discrimination* in freight charges, and that an *overcharge* is not a *discrimination*. *Held:* We cannot agree to these views. Article

4258 of the Revised Statutes clearly confers upon the party aggrieved the right to sue for and recover the penalty in his own name and right. This article, in so far as it relates to freight charges, was not repealed by the act of April 10, 1883. It is still in full force and effect as to freight charges. The remedy given by it has not been taken away or impaired or in any manner affected, except that as a condition precedent to a party's right to the remedy he must give notice in writing to the railroad company of the overcharge, etc., at least twenty days before instituting his suit. The new remedy given by the act of April 10, 1883, is not repugnant to that given by said article. Said act does not repeal or prohibit the old remedy. "Where a statute merely gives a new remedy, without any negative expressed or implied, the old remedy is not taken away, and the party has his election between the two." [Thouvenin v. Rodrigues, 24 Tex. 468.] The new remedy given by said act is cumulative, and it was the right of appellee to avail himself of either the new or the old remedy as he might elect. With reference to the position that by the terms of section 10 of said act of April 10, 1883, it is only in the case of *discrimination* in freight charges that the party can sue for the penalty, and that *overcharge* is not *discrimination*, we think to so hold would be a strained and unreasonable construction of the statute, not in accord with the intention of the legislature. This section must be construed with reference to the entire act, and with reference, also, to article 4258 of the Revised Statutes, and when thus viewed it is clear to our minds that the words "discrimination in freight charges," used in the first proviso in said section 10, were intended to, and do mean and include, an overcharge for the transportation of freight. The words "discrimination" and "overcharge," as used in said section, are synonymous. We can see no reason why a party should be accorded the right to sue for the penalty in the case of a discrimination as, perhaps, technically understood, and yet be denied the right to sue in the case of

an overcharge.    To hold that such is the intent of the statute would be against reason, and a reflection upon the wisdom and justice of the legislature that enacted it.

October 16, 1886.                          Affirmed.